By the Court.—O’Gorman, J.
The evidence that the assignment by Dart to the plaintiff was made with intent to hinder, delay, and defraud the creditors of the firm of “Sweezey & Dart” was very clear and strong, and would have sustained a verdict of fayor of the defendant. The question now is whether it was so clear, strong and preponderating, as that a verdict for the plaintiff could not have been sustained. If it were, the trial judge was right in directing a verdict for the defendants, and it was his duty to do so.
On January 28, 1881, Sweezey, a member of the firm of Sweezey & Dart, merchants in this city absconded, having raised large sums of money, amounting to about $62,000, on fictitious paper, from or through Bogart &Co., note brokers. *101 On January 29, an attachment was obtained by that firm against the property of “Sweezey & Dart.”
On February 3, while the property was in the hands of the sheriff, Dart made a general assignment of all the property, of the firm of “Sweezey & Dart,” and also of his own individual property to the plaintiff. This assignment, after certain preferences and reservations, empowers the assignee, in his discretion, to compound and compromise the debts due to the firm, and to give acquittances and release for all debts due or to become due to the firm and to sell the assets of the firm for such consideration in money or other thing as he may deem sufficient.
After execution of this assignment, the attachment of Bogart & Co. "was removed, but other attachments were issued against the prowerty of “Sweezey & Dart,” which was held by the sheriff, in spite of plaintiff’s demand for the same, and was sold under the attachment. The inventory and schedule of assets and assignee’s bond were not filed until April 11, 1881. The evidences of fraudulent intention in the whole transaction are numerous and convincing. Ninety-six bales of sewing twine, the property of the firm, were not intended by the assignor Dart to be conveyed to the assignee, and were not referred to in a list of assets made out by Dart and furnshed to the creditors, nor inserted in the schedule of assets. The excuse for this omission was that the bales had been consigned to Sweezey & Dart, and were the property of the Wilton Co. of New Hampshire. For this excuse there was no foundation whatever. In fact the Wilton Co., of which the mother-in-law of Dart was the chief owner, was, at the date of the assignment, indebted to Sweezey & Dart in the sum of $913.50. The relations between this company and Sweezey & Dart appeared to depend on a written contract between them, as to which, however, defendant, Dart, on his examination, professed himself, unable to give any information.
Mention of'a “ trademark” belonging to the firm, of acknowledged value, was also omitted from the list of assets and schedules, under a claim that it had been assigned on *102 January 27, to one Reynolds, in consideration of a check for $1,500, signed by him. This check has never been paid or presented for payment; and this “ trademark” has been since used by a manufacturing corporation, of which Dart, his lawyer, and Reynolds, are corporators, and in whose employment Dart now is. In the schedule filed by the assignee, this Reynolds is set down as a creditor for $1,597.80, and is one of the creditors preferred in the assignment.
■ On these facts alone and others, as they were elicited by examination of the witness Dart, there was enough to show fraudulent intent in this assignment (Shultz v. Hoagland, 85 N. Y. 464).
The defects on the face of the document itself are equally conclusive. The power granted to the assignee, in Ms discretion, to sell or dispose of, the assets of the firm of Sweezey & Dart for “ such consideration in money or other thing as he may deem sufficient,” is beyond the limits of power which the law allows to be vested in an assignee for the benefit of creditors, and might indeed be used to hinder, delay and defraud them. The insertion of this clause in the assignment is evidence of a fraudulent intent on the part of the assignor, and renders the assignment void (Rapalee v. Stewart, 27 N. Y. 310).
There is no force in the exceptions to the rulings of the learned trial judge as to evidence.
The defendant should have judgment on the verdict with costs; and the motion for a new trial should be denied, with $10 costs.
Truax, J., concurred.